Green, J.
delivered the opinion of the court.
1. It is insisted by the defendants, that there is an ambiguity in the recognizance in this case, upon its face, which' renders it void for uncertainty. It is in the following words: “Be it remembered, that on 22d day of February, 1836, *235 personally appeared, Thomas Cherry, David Fields, and Garrard Y. Cherry, before us, acting justices of the peace, for the county of Montgomery, and acknowledge themselves to stand justly indebted to the State of Tennessee, that is to say, the said Thomas Cherry, in the sum of three thousand dollars, and the said David Fields, and Garrard Y. Cherry, in the sum of three thousand dollars, jointly and severally, to be levied of their goods and chattels, lands and tenements, but to be void if the said Cherry shall make his personal app.earance before the judge of our circuit court,” &c.
It is insisted, that we cannot perceive which of the persons, Thomas, or Garrard Y. Cherry, is bound to appear; that the words, “said Cherry,” may refer to either, but do more grammatically refer to Garrard Y. Cherry, as the last antecedent.
It is true, that if there were nothing to control the application of. the words, “said Cherry,” they would grammatically refer to Garrard Y. Cherry, as the last one previously mentioned; but if from the whole instrument, we can satisfactorily perceive that they were not intended to refer to Garrard, but to Thomas, we are to construe the recognizance according to the intention of the parties, and not according to its grammatical sense. Thomas Cherry is first mentioned in the recognizance, and is bound in the sum of three thousand dollars; then Garrard Y. Cherry and Fields are mentioned in connection, and are.jointly and severally bound an tbie sum of .$3000. We never, see one .of, the bail entering into .his obligation, and then the principal and,,the 'Other, surety coming forward together, and jointly .agreeing, to be.bound. But it,.would..be.still more uncommon and,absurd for one pf the, sureties to, be bound in $3,000,. apd the other surety,and principal Jointly in only $3000. Rut, that both these unusual and incongruous facts should concur in .the satpe recognizance., is. not to be supposed prohable.
We must perceive, therefore, that the whole stress and scope of the instrument indicate that Thomas Cherry is referred to by the words, “said Cherry,” so that the ambiguity, which it is contended that these words create, does not exist.
*236 But if it were not sufficiently clear, to enable the mind to determine with absolute certainty, the application of these words, from illustrations drawn from other parts of the instrument, yet as it must be seen, that those passages reflect a strong auxiliary light upon the words in question; they afford sufficient ground for the introduction of extrinsic evidence. Roberts on Frauds, 27.
Rut we do not think a reference to such evidence necessary. We are satisfied from the whole instrument that Thomas Cherry is referred to, and that he was bound to appear according to the recognizance.
2. Upon the demurrer to the scire facias, it is insisted that it is ill, because it does not appear that it was taken by persons authorised to take it. It recites that, “Whereas heretofore, to wit, on 23d day of February, 1836, James Wheatly, A. Rogers, and N. F. Trice, Esquires, justices of the peace for said county, filed in the clerk’s office of the circuit court for said county, a warrant in the name and on behalf of the State of Tennessee, against Thomas Cherry, together with a recognizance, by which,” &c. Then after reciting the undertaking of the parties, it uses these words, “which said recognizance, signed and sealed by said parties, and attested by said justices of the peace,” &p.
The recognisance was signed and sealed by the parties, and attested by the justices, and by them delivered to the clerk with the'warrant, upon which'it is founded. These allegations make it certain, to a common extent, (which is all the law requires,) that the recognizance was taken before these justices. We are therefore of opinion the court erred in rendering judgment for the defendants, on the plea of nul tiel record, and the judgment should he rendered for the state.
Reverse the judgment,